# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

STEPHANIE RUSSELL,

   Appellant,

  v.

DEPARTMENT OF THE AIR FORCE,

   Agency.

DOCKET NUMBER
AT-0752-21-0524-I-1

DATE: April 19, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Shaun Southworth</u>, Esquire, and <u>Jesse L. Kelly, II</u>, Esquire, Atlanta, Georgia, for the appellant.

<u>William V. Cochrane, Jr.</u>, and <u>Holly Buchanan</u>, Eglin Air Force Base, Florida, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which sustained her removal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

The appellant, who was a GS-13 Logistics Management Specialist, was approved for 60 days of Weather and Safety Leave (WSL) effective March 23, 2020, due to identifying as high-risk for COVID-19. Initial Appeal File (IAF), Tab 28 at 10. Shortly thereafter, the agency updated its WSL policy, requiring that, in order for supervisors to approve WSL, individuals must provide a self-certification form and substantiating documentation from a medical provider confirming that the individual met the Centers for Disease Control and Prevention high-risk criteria for COVID-19. IAF, Tab 17 at 17-19. Despite multiple instructions, reminders, and extensions, the appellant failed to provide her supervisor with the required WSL documentation. *Id*. at 21-31; Hearing Recording (HR) (testimony of the appellant's supervisor). Furthermore, the appellant, who had been sporadically responding to her supervisor's communications, stopped responding entirely in August 2020. IAF, Tab 17 at 21-28; HR (testimony of the appellant's supervisor).

Therefore, the appellant's supervisor sent a letter dated October 9, 2020, to the appellant's address on file, which was a P.O. Box, advising the appellant that

she must either submit her WSL documentation by October 19, 2020, or return to duty on October 20, 2020. IAF, Tab 17 at 23, 29-31; HR (testimony of the appellant's supervisor). The letter also advised the appellant that if she did not submit her WSL documentation, her WSL would be converted to another leave status, and if she did not return to duty as instructed, she would be charged with absence without leave (AWOL). IAF, Tab 17 at 30. After receiving confirmation that the letter was delivered to the appellant's P.O. Box on October 13, 2020, the appellant's supervisor called the appellant and left a voicemail, advising her that a document had been delivered containing an October 19, 2020 deadline. *Id*. at 25; HR (testimony of the appellant's supervisor).

The appellant did not submit the WSL documentation, nor did she return to duty; therefore, the agency started carrying her in an AWOL status on October 20, 2020. HR (testimony of the appellant's supervisor). The appellant's supervisor called the appellant to let her know she was being carried in an AWOL status, and when the appellant returned her call on October 21, 2020, the appellant claimed to have never received the October 9, 2020 letter because she did not use her P.O. Box. IAF, Tab 17 at 29; HR (testimony of the appellant's supervisor, testimony of the appellant). The appellant's supervisor also advised her that she would be AWOL until she either returned to work or provided the WSL documentation. IAF, Tab 17 at 25-26, 29; HR (testimony of the appellant's supervisor).

Approximately 2 weeks later, the appellant finally obtained the WSL documentation, but did not send it to her supervisor, choosing instead to send it to a staff attorney at the Office of Special Counsel (OSC) assigned to her pending OSC complaint.[2] IAF, Tab 17 at 27; HR (testimony of the appellant's supervisor, testimony of the appellant). Despite multiple requests, the appellant refused to send her supervisor a copy of the documents, even though her supervisor

---

[2] OSC provided a copy of the WSL documents to the agency's legal office at Eglin. IAF, Tab 17 at 27.

informed her that she would continue to be carried in an AWOL status until she (the supervisor) received a copy of the WSL documents.  IAF, Tab 17 at 27-28; HR (testimony of the appellant's supervisor).  Eventually, on or around November 30, 2020, the appellant's supervisor received the appellant's WSL documents from the agency's legal office, and the appellant was placed again on WSL, even though she never complied with her supervisor's instructions to provide the WSL documentation directly to the supervisor.  HR (testimony of the appellant's supervisor).

Based on these events, the appellant was removed based on two charges.  IAF, Tab 17 at 4-5, Tab 18 at 15-17.  The first charge, failure to follow instructions, was supported by three specifications.  IAF, Tab 17 at 4.  The first specification was based on the appellant's refusal to submit the WSL documentation to her supervisor.  *Id*.  The second specification was based on the appellant's failure to provide her supervisor with valid contact information where she could be reached.  *Id*.  Finally, the third specification addressed the appellant's failure to report to duty on October 20, 2020.  *Id*.  The second charge, AWOL, was supported by a single specification, alleging that the appellant was AWOL from October 20 until November 30, 2020.  *Id*. at 4-5.

After holding a hearing, the administrative judge sustained the removal, finding that the agency proved its two charges,[3] established nexus, and established that the penalty of removal was reasonable.  IAF, Tab 34, Initial Decision (ID) at 16-24.  He also denied the appellant's affirmative defenses, including her whistleblower reprisal claim.  ID at 24-30.  On review, the appellant challenges, among other things, the administrative judge's findings on the merits of the sustained charges and specifications, the reasonableness of the

---

[3] The administrative judge did not sustain the third specification of the failure to follow instructions charge, and found that agency improperly carried the appellant in an AWOL status on October 20 and October 21, 2020, because the agency failed to prove that the appellant actually received the return to duty instruction before October 21, 2021.  ID at 19-20.  Neither party disputes these findings and they do not impact the outcome of this case.  Therefore, we need not address them.

penalty, and the denial of her whistleblower reprisal claim. Petition for Review (PFR) File, Tab 1.

## DISCUSSION OF ARGUMENTS ON REVIEW

Overall, we find that the administrative judge's findings are well-reasoned, thorough, and supported by the record, and we find no basis to disturb them. *Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997) (explaining that Board will not disturb an administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions on issues of credibility); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same). However, we do take this opportunity to clarify the administrative judge's findings as they relate to the appellant's affirmative defense of whistleblower reprisal. ID at 25-30.

To prevail on her whistleblower reprisal affirmative defense, an appellant must prove by preponderant evidence that she made a protected disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D), and the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a)(2)(A). *Covington v. Department of the Interior*, 2023 MSPB 5, ¶ 15. If the appellant proves that her protected disclosure or activity was a contributing factor in a personnel action taken against her, the agency is then given the opportunity to prove, by clear and convincing evidence, that it would have taken the same personnel action in the absence of the protected disclosure. *Id.*, ¶ 45; *see* 5 U.S.C. § 1221(e). In determining whether an agency has met its burden, the Board will consider all relevant factors, including the following: (1) the strength of agency's evidence in support of its action; (2) the existence and strength of any motive to retaliate on the part of the agency officials who were involved in the decision; and (3) any evidence that the agency takes similar actions against employees who do not

engage in such protected activity, but who are otherwise similarly situated. *Carr v. Social Security Administration*, 185 F.3d 1318, 1323 (Fed. Cir. 1999); *see Duggan v. Department of Defense*, 883 F.3d 842, 846 (9th Cir. 2018); *Covington*, 2023 MSPB 5, ¶ 45.

On review, the appellant argues that her removal was taken in retaliation for making protected disclosures, including disclosing alleged violations of law, rule, or regulations, as well as engaging in protected activity by filing an OSC complaint. PFR File, Tab 1 at 17-21. As an initial matter, the administrative judge correctly found that, although the appellant failed to establish that her protected disclosures were a contributing factor in her removal,[4] she did establish that her OSC complaint was a protected activity that was a contributing factor in the removal. ID at 25-30. Furthermore, while we agree with the administrative judge that the agency proved by clear and convincing evidence that it would have removed the appellant absent her whistleblowing, ID at 29-30, we find that his analysis of the second and third *Carr* factors requires clarification, as explained below.

---

[4] The administrative judge found that the appellant failed to satisfy the contributing factor standard because her disclosures were made in 2017, such that too much time had lapsed to establish the timing prong of the knowledge/timing test, and she failed to establish it by other means. ID at 26-28. As noted by the appellant in her petition for review, however, she raised her 2017 disclosures again in an email in March 2020. PFR File, Tab 1 at 20; IAF, Tab 27 at 56-61. Thus, she meets the timing prong of the knowledge/timing test. However, the appellant still fails to establish contributing factor through the knowledge/timing test because she did not prove that the deciding official had any knowledge of the March 2020 email, or was influenced by anyone that did have knowledge of the disclosure. *See Dorney v. Department of the Army*, 117 M.S.P.R. 480, ¶ 12 (2012) (stating that, in determining whether an appellant has proven contributing factor, "a lack of actual knowledge by a single official is not dispositive"). Furthermore, as correctly found by the administrative judge, none of the other considerations, i.e., the strength of the agency's evidence, the fact that the deciding official was not the target of her disclosures, and the lack of any evidence establishing retaliatory intent, established contributing factor. ID at 28. Accordingly, because the administrative judge's error had no impact on the substantive rights of the parties, such error does not serve as a basis to disturb the initial decision. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984).

<u>The second *Carr* factor weighs in favor of the agency because there is no evidence of a professional or personal retaliatory motive on the part of the deciding official.</u>

The administrative judge found that there was "no basis to infer a retaliatory motive on [the deciding official's] part" because the deciding official knew nothing of the appellant's OSC complaint other than its mere existence, and the deciding official's professional demeanor left the administrative judge with the "firm impress[ion] that he had no interest in [the OSC complaint]." ID at 29. To the extent that the administrative judge failed to consider whether the deciding official may have had a professional motive to retaliate, that was an error. Nevertheless, upon reviewing the record, we discern no evidence of a retaliatory motive on the part of the deciding official, either personal or professional.

The U.S. Court of Appeals for the Federal Circuit has cautioned the Board from taking too narrow of a view of the second *Carr* factor. For instance, in *Whitmore v. Department of Labor*, 680 F.3d 1353, 1370 (Fed. Cir. 2012), the court explained that, "[t]hose responsible for the agency's performance overall may well be motivated to retaliate even if they are not directly implicated by the disclosures, and even if they do not know the whistleblower personally, as the criticism reflects on them in their capacities as managers and employees." Similarly, in *Miller v. Department of Justice*, 842 F.3d 1252, 1261-62 (Fed. Cir. 2016), the court instructed the Board not to limit its consideration of a motive to retaliate to the appellant's supervisors, but to examine whether a retaliatory motive could be imputed more broadly to other officials or entities involved in the decision. Then, in *Robinson v. Department of Veterans Affairs*, 923 F.3d 1004, 1019 (Fed. Cir. 2019), the court found that, while there may not be a personal motive, the administrative judge erred by failing to consider whether the deciding official had a "professional retaliatory motive" against the appellant because his disclosures "implicated the capabilities, performance, and veracity of

[agency] managers and employees, and implied that the [agency] deceived [a] Senate Committee."

Thus, the administrative judge here should have expressly considered the possibility of a professional retaliatory motive. However, although the Federal Circuit has directed the Board to consider the possibility of a professional retaliatory motive, it has not mandated that we find such motive in every whistleblower appeal. For instance, in *Robinson*, after taking into consideration the administrative judge's demeanor-based credibility determinations, the court agreed with the administrative judge that there was no retaliatory motive, either professional or personal, and found that the second *Carr* factor weighed in favor of the agency. *Robinson*, 923 F.3d at 1019-20. Similarly, here, taking into consideration the administrative judge's demeanor-based credibility findings, we find no evidence of a retaliatory motive on the part of the deciding official, either personal or professional.[5] Absent merely knowing that the appellant filed an OSC complaint, the record is entirely devoid of evidence demonstrating that the deciding official harbored any motive to retaliate, either personal or professional. Accordingly, we discern no sufficiently sound reason to disturb the administrative judge's demeanor-based credibility finding that the deciding official had no motive to retaliate. ID at 29; *see Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002) (explaining that the Board may overturn an administrative judge's demeanor-based credibility determinations only when it has "sufficiently sound" reasons for doing so).

In conclusion, having considered the possibility of a professional retaliatory motive, we agree with the administrative judge that there is no such motive in this appeal. However, even if we were to find that there was a slight

---

[5] While we recognize that the appellant's supervisor, i.e., the proposing official, may have had a motive to retaliate because the appellant's whistleblowing named her, IAF, Tab 27 at 56-61, and she was aware of the pending OSC complaint, IAF, Tab 17 at 5, 25, the appellant has put forth no evidence demonstrating that the proposing official had any influence on the deciding official's decision to sustain the proposed removal.

motive to retaliate on the agency's part, in light of the overwhelming evidence supporting the appellant's removal, we would still find that the agency met its burden to present clear and convincing evidence in support of its action.

The third *Carr* factor cannot weigh in favor of the agency, but even if it slightly cuts against it, the agency has still met its clear and convincing burden.

Regarding the third *Carr* factor, the administrative judge stated that this factor was neutral because "neither party identified any comparators." ID at 29. To the extent that the administrative judge's statement implies that it was the appellant's burden to produce comparators, that is incorrect. It is the agency that carries the burden of proving by clear and convincing evidence that the same action would have been taken absent the whistleblowing. *Whitmore*, 680 F.3d at 1374. Furthermore, because it is the agency's burden of proof, when the agency fails to introduce relevant comparator evidence, the third *Carr* factor cannot weigh in favor of the agency. *Smith v. General Services Administration*, 930 F.3d 1359, 1367 (Fed. Cir. 2019); *Siler v. Environmental Protection Agency*, 908 F.3d 1291, 1299 (Fed. Cir. 2018). Thus, while we see no need to disturb the administrative judge's finding that the third *Carr* factor was neutral, we note that, even if this factor weighed slightly in favor of the appellant, given the strength of the agency's evidence in support of removal, the agency still proved by clear and convincing evidence that it would have removed the appellant absent her whistleblowing.

## NOTICE OF APPEAL RIGHTS[6]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at

http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case,

and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of

competent jurisdiction.[7]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.